65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gertrude GREEN, as Administratrix of the Estate of Sol
Green, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED,
Defendant-Appellee.
 No. 94-3959.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.*
Decided Aug. 30, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1988 Merrill Lynch, Pierce, Fenner & Smith, Inc., obtained from a state court of California a default judgment for $85,000 against Sol Green. In 1989 Merrill Lynch registered this judgment in Illinois, seeking to collect from Green's property. Green, who had transferred to property to his wife Gertrude's name shortly before the California court entered its judgment, ignored the Illinois action, leading to another default judgment. In 1990, while Merrill Lynch was trying to collect (Sol Green refused to attend the proceedings to discover his assets), Gertrude Green retransferred the property to a bank in trust. Learning about this in 1992, Merrill Lynch sought to have the transfers set aside as fraudulent conveyances. Gertrude Green opposed this motion. Meanwhile, Sol Green had died, and, as Administratrix of his Estate, Gertrude sought to have the defaults in both California and Illinois set aside on the ground that Sol Green had not been served with process in California.
 
 
 2
 The California court received arguments on this subject, concluded that Sol Green had been served (and was subject to its jurisdiction), and it reentered judgment. The Illinois court then declared the transfers to be fraudulent conveyances, and the property was sold at auction. Merrill Lynch bought it for $90,000, leaving a deficiency of some $15,000 (interest has been running on the California judgment since 1988). The Estate has filed an appeal from the order confirming the sale. It also has filed this federal suit, purportedly under the diversity jurisdiction, asking the district court to set aside the California judgment. The district court dismissed the suit on the ground of res judicata. It did not inquire whether there is federal jurisdiction; we hold that there is none.
 
 
 3
 If the Estate had asked the district court to ignore the California judgment and to address the original dispute between Sol Green and Merrill Lynch, then res judicata would have been an appropriate response. (Doubtless there would be problems under the statute of limitations as well.) But an independent federal adjudication is the last thing on the Estate's agenda. So long as the California judgment is outstanding, the Illinois collection action can proceed. The Estate therefore asked the court to set the California judgment aside, to enjoin its enforcement. This is forbidden by the Anti-Injunction Act, 28 U.S.C. Sec. 2283, and there is a more fundamental problem: federal courts lack jurisdiction to entertain collateral attacks on state civil judgments. Only a higher state court, or ultimately the Supreme Court of the United States within its appellate jurisdiction, is entitled to review the merits of a state judgment. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Homola v. McNamara, 59 F.3d 647 (7th Cir.1995). It is unnecessary to add to the analysis of Homola to show why the Rooker-Feldman doctrine precludes the exercise of jurisdiction in this case.
 
 
 4
 The judgment is vacated, and the case is remanded with instructions to dismiss for want of subject-matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. After considering that statement we adhere to our tentative conclusion, and the appeal is submitted for decision on the briefs and record